IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHNNIE SIMMONS, | : | 1:10-cv-277 |
| | : | |
| Petitioner, | : | |
| | : | Hon. John E. Jones III |
| v. | : | |
| | : | Hon. Malachy E. Mannion |
| DAVID VARAND and | : | |
| PA STATE ATTORNEY GENERAL, | : | |
| Respondents. | : | |

# MEMORANDUM

## April 15, 2011

**THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS:**

This matter is before the Court on the Report and Recommendation ("R&R") of Magistrate Judge Malachy E. Mannion (Doc. 28), filed on March 28, 2011, which recommends that dismiss Petitioner Johnnie Simmons' ("Petitioner" or "Simmons") petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 as time-barred. Petitioner filed objections to the R&R on April 14, 2011. (Doc. 29). Accordingly, this matter is ripe for disposition. For the reasons set forth below, the Court will adopt the Magistrate Judge's recommendation, dismiss the petition as time-barred, and close this case.

**I.      STANDARD OF REVIEW**

When objections are filed to the report of a magistrate judge, the district court makes a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objections are made. 28 U.S.C. § 636(b)(1); *United States v. Raddatz*, 447 U.S. 667, 674-75 (1980). The court may accept, reject, or modify, in whole or in part, the magistrate judge's findings or recommendations. *Id.* Although the standard of review is *de novo*, 28 U.S.C. § 636(b)(1) permits whatever reliance the district court, in the exercise of sound discretion, chooses to place on a magistrate judge's proposed findings and recommendations. *Raddatz*, 447 U.S. at 674-75; *see also Mathews v. Weber*, 423 U.S. 261, 275 (1976); *Goney v. Clark*, 749 F.2d 5, 7 (3d Cir. 1984).

## II.   BACKGROUND

Simmons is an inmate at the State Correctional Institution, Coal Township, Pennsylvania. On March 10, 2004, following a jury trial, Simmons was convicted of possession with intent to deliver a controlled substance in violation of 35 P.S. § 780-113(a)(30) and criminal conspiracy in violation of 18 Pa. C. S. § 903.

On May 7, 2004, Simmons filed a notice of appeal to the Superior Court of Pennsylvania. On March 11, 2005, the Superior Court affirmed Petitioner's sentence. On April 8, 2005, Simmons filed a petition for allowance of appeal with the Supreme Court of Pennsylvania. The petition was denied on July 7, 2005.

On August 8, 2005, Simmons filed his first post-conviction petition. After a hearing conducted on November 4, 2005, the petition was denied. Simmons filed an appeal on November 28, 2005. The Superior Court affirmed the denial of the post-conviction petition on April 4, 2007. Simmons did not seek review from the Pennsylvania Supreme Court.

Thereafter, Simmons filed three more post-conviction petitions. These petitions were denied as untimely or for want of jurisdiction. All of the denials were affirmed by the Superior Court.

## III.  DISCUSSION

Magistrate Judge Mannion recommends that the petition be denied because it is untimely. For the reasons that follow, we agree.

Section 101 of the Antiterrorism and Effective Death Penalty Act ("AEDPA") amended the federal habeas statute by imposing a statute of limitations on prisoners requesting habeas corpus relief pursuant to 28 U.S.C. § 2254. The statute of limitations is found at 28 U.S.C. § 2244(d), which provides, in relevant part:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court. The limitation period shall run from the latest of –

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration for seeking such review;
>
> * * *
>
> (d)(2) The time during which a properly filed application for State post conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section.

A case becomes final on direct review when either the Supreme Court of the United States denies a petition for certiorari seeking review of a state Supreme Court's decision, or when the 90-day period for filing a petition for certiorari expires. *See Kapral v. United States*, 166 F. 3d 565, 570 (3d Cir. 1999).

In Petitioner's case, his conviction became final on direct review on October 6, 2005, or 90 days after the Pennsylvania Supreme Court denied his petition for allowance of appeal. However, pursuant to 28 U.S.C. § 2244(d)(2), the one-year limitations period was tolled during the time that Simmons had pending a properly filed post-conviction petition. Post-conviction proceedings become final when the state Supreme Court rules on the appeal, or when the time limit for seeking allocatur to that court has passed. *See Swartz v. Meyers*, 204 F. 3d 417, 421-22 (3d Cir. 2000). Here, Petitioner's first post-conviction petition was pending until April 4, 2007, when the Superior Court affirmed the denial of that petition. Simmons did not seek relief from the Pennsylvania Supreme Court, thus the statute of limitations

was tolled until May 4, 2007, when the time for seeking such relief had expired. The instant federal petition for habeas corpus was filed on February 5, 2010, which is well over one year from the date that the statute of limitations began to run, May 4, 2007.

We note that none of Simmons' other post-conviction petitions can be deemed "properly" filed for purposes of tolling the statute of limitations. "Properly filed" petitions for post-conviction relief are ones that are submitted according to the state's procedural requirements, such as rules governing time and place of filing.  See *Lovasz v. Vaughn*, 134 F. 3d 146, 148 (3d Cir. 1998).  All of the post-conviction petitions filed by Simmons, with the exception of the first one, were dismissed as untimely or for the lack of jurisdiction.  Therefore, none of the later post-conviction petitions can serve to toll the statute of limitations.

**IV.   CONCLUSION**

Accordingly, based on all of the foregoing reasons, we shall adopt the Magistrate Judge's R&R and dismiss the petition as time-barred.[1]  An appropriate Order shall issue.

---

[1] For the sake of completeness, we note that Petitioner's objections argue the merits of his petition and do not offer any availing argument against the Magistrate Judge's recommendation that the petition be dismissed as untimely.  Because we find the statute of limitations bar to be dispositive, we shall not discuss the Petitioner's objections herein.